**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ERIC MACALPINE; and ANDREW GREMMO individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**ONNIT LABS, INC.,**

**Defendant.**

**Case No. 1:24-cv-00933-DII**

# DEFENDANT ONNIT LABS, INC.'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

Adam Bowser (VA Bar No. 76523)
Tierra S. Jones (DC Bar No. 1644196, admitted *Pro Hac Vice*)
ArentFox Schiff LLP
1717 K Street, N.W.
Washington, D.C. 20006
Ph: 202.857.6000
Fax: 202.857.6395
adam.bowser@afslaw.com
tierra.jones@afslaw.com

Counsel for Defendant
*Onnit Labs, Inc.*

November 12, 2024

Defendant Onnit Labs, Inc. ("Onnit"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully requests that this Court dismiss Plaintiffs' Second Amended Class Action Complaint ("Complaint") with prejudice. The allegations set forth in the Complaint fail to state a cause of action under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").

More specifically, Plaintiffs' allegations in support of their single-count complaint fail to state a claim for a violation of the VPPA. First, the Complaint does not allege any facts to support that the information allegedly disclosed qualified as Plaintiffs' personally identifiable information ("PII") under the VPPA. To constitute PII, the information must allow an ordinary person to specifically identify Plaintiffs personally *and* the videos they requested. And here, Plaintiffs never allege that an ordinary person would be able to identify Plaintiffs from their Facebook profiles, let alone by the facially anonymous metadata at issue.

Nor does the Complaint plausibly allege that Onnit disclosed the metadata at issue because it does not allege that Onnit ever possessed that information. Plaintiffs' allegations instead establish that Meta collected distinct information from Plaintiffs and their browser, not the information that Plaintiffs provided to Onnit.

For all these reasons, as described more fully in the accompanying Memorandum in Support, the Court should grant Onnit's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim on which relief may be granted, and dismiss the Complaint in its entirety, with prejudice.

Dated: November 12, 2024

Respectfully Submitted,
**ARENTFOX SCHIFF LLP**

By: ______________________________

Adam Bowser (VA Bar No. 1644196)
Tierra S. Jones (DC Bar No. 1644196, admitted *Pro Hac Vice*)
ArentFox Schiff LLP
1717 K Street, N.W.
Washington, D.C. 20006
Phone: 202.857.6000
Fax: 202.857.6395
adam.bowser@afslaw.com
tierra.jones@afslaw.com

*Counsel for Defendant,*
*Onnit Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure 5, this 12th day of November, 2024 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tyler K. Somes (DC Bar No. 90013925)
HEDIN LLP
1100 15th Street NW, Suite 04-108
Washington, D.C. 20005
Phone: 202.900.3332
Fax: 305.200.8801
tsomes@hedinllp.com

Frank S. Hedin (FL. Bar No. 109698)
Elliott O. Jackson (FL. Bar No. 1034536)
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Phone: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com
ejackson@hedinllp.com

Matthew J. Langley (FL Bar No. 97331)
ALMEIDA LAW GROUP LLC
849 W. Webster Avenue
Chicago, Illinois 60614
Phone: 312.576.3024
matt@almeidalawgroup.com

Adam Bowser
____________________
Adam Bowser