IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC MACALPINE; ANDREW GREMMO; and BRIAN HICKERSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>ONNIT LABS, INC.,<br><br>      Defendant. | Civil Action No. 1:24-cv-933-DII |

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>March 18, 2026</u>.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before <u>February 18, 2026</u>, and each opposing party shall respond, in writing, on or before <u>March 4, 2026</u>. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before <u>May 30, 2025</u>.

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before <u>August 13, 2025</u>.

5. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>October 6, 2025</u>. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>November 6, 2025</u>. All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

6. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

7. The parties shall complete all discovery on or before <u>November 17, 2025</u>.

8. All dispositive motions shall be filed on or before <u>February 10, 2026</u> and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

9. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for

each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10. This case is set for jury trial commencing at 9:30 a.m. on ~~July 20, 2026,~~ /IS HEREBY VACATED. If necessary, trial will be set by separate order. ~~Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.~~

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____Feb. 6_____, 20_25_.

_____
~~ROBERT PITMAN~~ David A. Ezra
Sr. UNITED STATES DISTRICT JUDGE