**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ERIC MACALPINE; ANDREW GREMMO; and BRIAN HICKERSON individually and on behalf of all others similarly situated,** <br><br> **Plaintiffs** <br><br> **v.** <br><br> **ONNIT LABS, INC.,** <br><br> **Defendant.** | **Case No. 1:24-cv-00933-DII** |

**ONNIT LABS, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Onnit Labs, Inc. ("Onnit"), by and through its undersigned counsel, writes to respectfully advise the Court of Supplemental Authority issued after briefing closed on Onnit's pending Motion to Dismiss Plaintiff's Third Amended Class Action Complaint. ECF No. 41.

Attached as **Exhibit A** is the Eight Circuit Court of Appeals' decision in *Christopherson v. Cinema Entertainment Corp.*, 161 F.4th 525 (8th Cir. 2025). In this case, the court affirmed the dismissal of a Video Privacy Protection Act ("VPPA") complaint on the ground that the defendant movie theater operator did not qualify as a "video tape service provider" under the statute.[1] The court came to this conclusion using the interpretive principle of *ejusdem generis*, holding that it "must interpret '[similar] audio visual materials' by reference to the item that precedes it, 'prerecorded video cassette tapes.'" *Christopherson*, 161 F.4th at 528. The court then reasoned that "[i]mmediately after 'audio visual' is the word 'materials.' 'Materials' like

---

[1] This term is defined in relevant part as a "person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

prerecorded video cassette tapes have a physical existence." *Id.* (citing dictionary definition of "material" as "of, relating to, or consisting of matter"). The court concluded that "[i]f Congress had something else in mind, it could have said so." *Id.* (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 523–24 (1981) (noting that "one would expect to find some mention of" an "expansive" category that "Congress knew" about at the time of enactment)).

The *Christopherson* decision thus supports the arguments made by Onnit in its Motion to Dismiss and Reply. *See* ECF No. 41-1 at 16-20; ECF No. 44 at 9-10.

January 12, 2026

**ARENTFOX SCHIFF LLP**

By: Adam Bowser

Adam Bowser (VA Bar No. 76523)
ArentFox Schiff LLP
1717 K Street, N.W.
Washington, D.C. 20006
Phone: 202.857.6000
Fax: 202.857.6395
adam.bowser@afslaw.com

*Counsel for Defendant,*
*Onnit Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure 5, this 12th day of January 2026 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tyler K. Somes (DC Bar No. 90013925)
HEDIN LLP
1100 15th Street NW, Suite 04-108
Washington, D.C. 20005
Phone: 202.900.3332
Fax: 305.200.8801
tsomes@hedinllp.com

Frank S. Hedin (FL. Bar No. 109698)
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Phone: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com

Matthew J. Langley (FL Bar No. 97331)
ALMEIDA LAW GROUP LLC
849 W. Webster Avenue
Chicago, Illinois 60614
Phone: 312.576.3024
matt@almeidalawgroup.com

Adam Bowser